**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

OLAN GIRARD TURNER, JR.,   :
             :
    Petitioner,    :
             :
v.           :    Case No. 7:25-cv-119-WLS-ALS
             :
Captain JEROME BURGESS,  :
*et al.*,          :
             :
    Respondent.  :

**ORDER AND RECOMMENDATION**

Plaintiff Olan Girard Turner, Jr. filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a document that has been docketed as a motion for a protective order. (Doc. 12). For the following reasons, it is **RECOMMENDED** that Plaintiff's motion be **DENIED.** Plaintiff must also (1) show cause why this case should not be dismissed for failure to comply with the Court's previous orders and instructions and (2) file a Second Recast Complaint on the Court's standard form within fourteen (14) days of the date of this Order if he wishes to proceed with this case.

**MOTION FOR PROTECTIVE ORDER**

Plaintiff has filed a motion contending that he "feel[s] like [his] life is in danger" due to retaliation from Defendants. (Doc. 12, at 1). The Court will construe this motion as a request for a temporary restraining order ("TRO") or a preliminary injunction. A TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits;

(2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).[1]

Plaintiff does not clearly address these factors in his motion, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. Fed. R. Civ. P. 65(a)(1); *see also* Fed. R. Civ. P. 65(b). Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds.[2] Accordingly, it is **RECOMMENDED** that Plaintiff's claims for preliminary injunctive relief or a temporary restraining order be **DENIED.**

### ORDER TO RECAST

In his original Complaint, Plaintiff contends that an officer at the jail, Defendant Savage, pointed a gun at him; another officer, Defendant Courtney, injured Plaintiff by driving his knee into Plaintiff's back and charging Plaintiff with crimes he did not commit; a different officer, Defendant Burgess, falsely imprisoned him; and another officer, Defendant McGhee, improperly upgraded his charges from larceny to robbery and burglary. (Doc. 1, at 5).

After reviewing this Complaint, the Court advised Plaintiff that he could not bring all his claims in a single action because he could not establish that his claims were related. (Doc. 5, at 2-3). The Court explained that to properly join defendants under Federal Rule of Civil Procedure

---

[1] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).

[2] Plaintiff may include such claims in his Second Recast Complaint in accordance with the instructions set forth below.

20(a)(2), the plaintiff must establish that he is asserting a right to relief against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and that "any question of law or fact common to all defendants will arise in the action." *Id.* Because each of Plaintiff's claims was brought against a different jail official, occurred at different times, and involved different causes of action, the Court could not tell how the claims were related for purposes of the joinder rules. *Id*. The Court thus ordered Plaintiff to recast his Complaint on one of the Court's standard § 1983 forms. *Id*. at 3. The Court gave Plaintiff specific instructions for drafting the recast complaint and provided him fourteen (14) days from the date of the January 8, 2026 Order to submit it to the Court. *See generally* Doc. 5.

While Plaintiff did file a Recast Complaint (Doc. 6), the Court still cannot tell how each of the claims in the Recast Complaint are properly joined. In the Recast Complaint, Plaintiff again contends Defendant Salvage (presumably the same individual as Defendant Savage) "put a gun to back of [Plaintiff's] head" on January 17, 2025; Defendant Courtney "tried to fire a shot in the sallyport of the jail" on January 19, 2025; Defendant McGhee improperly upgraded Plaintiff's charges on June 28, 2025; and unspecified individuals "locked [him] up 9 times in 2025." (Doc. 6-1, at 1). Plaintiff also suggests that "Nurse CJ" did not give him a grievance form and may not have given him medical treatment. *Id.* He also states that he "has more [to] write but this agency will not give me my grievance." *Id.*

The time for compliance has expired and Plaintiff has failed to explain how all these claims are related, nor can the Court discern an obvious logical relationship between these claims. *See, e.g., See Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (holding that claims were not properly joined where the defendants' actions "appear to be separate incidents,

3

ranging from feeding [plaintiff] inedible food to leaving him in isolation to not giving him medical care to improperly convicting him of a crime, occurring on different dates"); *see also State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416–17 (10th Cir. 1984) (affirming denial of joinder where allegations against proposed defendant were "only tangentially related to the issues and series of transactions" in the pending case because "[d]ifferent elements of proof are required for the proposed cause of action, involving different questions of fact and law"). Indeed, Plaintiff's Recast Complaint is much like his original Complaint in that Plaintiff has alleged claims against different prison officials that occurred at different times and involve different causes of action. In addition, Plaintiff has filed several other documents, including a "Continued Recast" and a "Continued Complaint," that appear to contain factual information relevant to Plaintiff's claims (Docs. 7, 8, 9, 10, 11). Despite this Court's January 8 Order, Plaintiff has failed to recast his Complaint on a single standard form so that it contains only related claims.

As Plaintiff was warned, the failure to fully and timely comply with the orders and instructions of the Court is grounds for dismissal. Plaintiff is, therefore, **ORDERED** to **SHOW CAUSE** to the Court, **WITHIN FOURTEEN (14) DAYS** from the date of this Order, why this case should not be dismissed for failure to comply with the January 8 Order. If Plaintiff wishes to continue with this action, he must also comply with the January 8 Order by submitting a Second Recast Complaint within **FOURTEEN (14) DAYS** of the date of this Order. The Court re-emphasizes that this Second Recast Complaint must include only those <u>related</u> claims he wishes to pursue in this case.

**The Second Recast Complaint will supersede (take the place of) the original Complaint (Doc. 1), the Recast Complaint (Doc. 6), the "Continued Recast" (Doc. 9), and the "Continued Complaint" (Doc. 10). Plaintiff may include additional pages with the Court's**

4

**standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limit includes (and is not in addition to) the pages making up the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** This includes any "notices" Plaintiff has filed or will file. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his Second Recast Complaint, even if Plaintiff has previously alleged it in another filing. In addition, the Court does not have access to any information contained in the jail's kiosk system, and therefore Plaintiff must list any facts he wishes the Court to consider in his Second Recast Complaint to the best of his ability. Plaintiff may include in his Second Recast Complaint any retaliation claims he has against jail officials, as alluded to in his motion for a protective order.

The Clerk is **DIRECTED** to forward another copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his Second Recast Complaint on this form. **Failure to fully and timely comply with this Order will likely result in the dismissal of this case.** Plaintiff is also reminded of his obligation to notify the Court immediately and in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance

with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 2nd day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

6